UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBRA KINSMAN<br>　　　Plaintiff, | : CIVIL ACTION NO.: 303CV280(WWE) |
| v. | : |
| UNUMPROVIDENT CORPORATION and<br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY<br>　　　Defendants. | :<br>:<br>:<br>: DECEMBER 22, 2003 |

**DEFENDANTS' MOTION FOR ORDER TO COMPEL**

Defendants, UNUMPROVIDENT CORPORATION and THE PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, (collectively, "the defendants"), pursuant to Rule 37 of the Federal Rules of Civil Procedure and D. Conn. L. Civ. R. 9(d), hereby move the Court for an order compelling plaintiff, Debra Kinsman, to fully comply with defendants' October 14, 2003 Interrogatories and Requests for Production.

As of the date of this motion no response whatsoever has been received from Kinsman with regard to defendants' discovery requests. Accordingly, defendants seeks an order from the court compelling the Plaintiff, *without objection*, to fully respond to, and comply with, their October 14, 2003 discovery requests.

**I.　　STATEMENT OF LAW SURROUNDING DISCOVERY**

The Federal Rules of Civil Procedure permit a party to conduct discovery regarding *any matter* (not privileged) that might lead to the discovery of admissible evidence. Fed. R. Civ. P.

26(b)(1). The scope of permissible discovery is broad and encompasses any matter that bears on, or that could reasonably lead to another matter that bears on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). This includes matters that relate to the claims or the defenses of any party. Fed. R. Civ. P. 26(b)(1).

"Relevant information includes any matter that is or may become an issue in litigation." Multi-Core, Inc. v. Southern Water Treatment Co., 139 F.R.D. 262, 264 n.2 (D. Mass. 1991). All that must be shown for a party to be allowed to obtain discovery is that the information sought might possibly be relevant, or is reasonably calculated to lead to the discovery of admissible evidence. Ladson v. Ultra East Parking Corp., 164 F.R.D. 376, 378 (S.D.N.Y. 1996).

The "benchmark" in determining whether matters are discoverable is Federal Rule of Civil Procedure 26(b)(1). Robbins v. Camden City Board of Educ., 105 F.R.D. 49, 54 (D.N.J. 1985). Rule 26(b)(1) provides, in relevant part,

> parties may obtain discovery regarding any matter, not privileged, *which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party,*

Fed. R. Civ. P. 26(b)(1) (emphasis added); Driscoll v. Morris, 111 F.R.D. 459, 460 (D. Conn. 1986). Moreover, the drafters of Rule 26 have cautioned courts "not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." Robbins, 105 F.R.D. at 55, *quoting* Advisory Committee Notes to the 1983 Amendments.

## II. FACTUAL ALLEGATIONS

According to the allegations of the Complaint, Debra Kinsman claimed to have become disabled on or about September 21, 2001. Complaint ¶ 12. She was a member of the Bridgeport

Education Association which provided long term disability benefits to its members. Id., ¶¶ 5-6. At all relevant times she was covered as a beneficiary, within the meaning of 29 U.S.C. §1002(8) and 1132(a)(1)(B), under the Bridgeport Education Association long-term disability benefits plan, Group Policy Number 122409-01(the "Plan"). Id., ¶ 6-7. The Plan is an "employee welfare benefits plan" within the meaning of 29 U.S.C. §1002(1). Id., ¶ 7.

Kinsman applied for disability benefits under the Plan alleging she was disabled because of fibromyalgia, colitis and other complaints which caused her severe fatigue and depression. She has alleged that Provident, the Plan Administrator, failed and refused to pay her benefits pursuant to, and in violation of, the Plan. Id., ¶¶ 9,13.

During the discovery process, defendants discovered that in 2001 Mrs. Kinsman started her own business, "Sweet Annie's", a crafts store located in Stratford, Connecticut. The store was opened during the same period of time Mrs. Kinsman claimed to have become disabled and obstentibly too weak to get out of bed some mornings. A copy of Schedule C from Mrs. Kinsman's 2001 Tax Return denoting this business is attached hereto as **Exhibit A**.[1] To the best of defendants' information and belief, Mrs. Kinsman has operated this business from 2001 to the date of this Motion.

Under the terms of the Policy, to be eligible for disability benefits, plaintiff must be:

"[D]ue to their sickness or injury they:

1.     are unable to earn at least the Own Occupation Income Level; or

2.     are unable to perform each of the material duties of the occupation that they regularly perform for the Policyholder or, if a physician or an

---

[1] Due to privacy concerns, defendants submit only the relevant Schedule C portion from Mrs. Kinsman's 2001 Federal tax return and have redacted her social security number from this schedule. Should Plaintiff object to this partial submission, defendants will submit the entire return.

> attorney, unable to perform each of the material duties of their specialty in the practice of medicine or law.
>
> Covered Persons will not be considered Disabled if they have Work Earnings in excess of the Own Occupation Income Level shown in Section II – Schedule of Insurance."

After two years, the terms of the policy change to an "Any Occupation" definition which states that:

> "[D]ue to their sickness or injury they:
>
> 1. are unable to earn at least the Any Occupation Income Level while working in any occupation; or
>
> 2. are unable to perform each of the material duties of the occupation for which they are reasonably fitted by education, training or experience.
>
> Covered Persons will not be considered Disabled if they have Work Earnings in excess of the Any Occupation Income Level shown in Section II – Schedule of Insurance."

As Kinsman claimed to have become disabled in September 2001, she now must show she met the "any occupation" definition of disability rather than the "own occ" definition.

### III.    DISPUTED DISCOVERY

To aid this Court in determination of these issues, defendants have attached a copy of Defendant's Interrogatories and Production Requests (dated October 14, 2003) to this Motion as **Exhibit B.** These discovery requests relate to the business being operated by Mrs. Kinsman,

Defendants's attorney, Attorney Kemp, has wrote and spoken to Plaintiff's attorneys with regard to the status of her client's discovery requests. Although plaintiff's attorney promised Attorney Kemp he would check with his client to determine the status of the discovery, Attorney Kemp has yet to receive any of the information or discovery requested or an explanation as to why she hasn't received this material. See Affidavit of Helen M. Kemp attached hereto as **Exhibit C.** Defendants respectfully note to the court that Plaintiff has never requested an

extension of time to respond to these interrogatories and production requests.

## III. CONCLUSION

For the reasons set forth above, defendants respectfully request that their motion to compel be granted as follows:

1. That plaintiff Debra Kinsman be compelled to respond full and completely (that is, without objection) to all of defendants' October 14, 2003 interrogatories and requests for production; and

2. That such response is made to defendants' attorney within ten days of the court's order on this motion.

DEFENDANTS,
UNUMPROVIDENT CORPORATION and
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

By *Helen M. Kemp*
Theodore J. Tucci (ct 05249)
Helen M. Kemp (ct 14790)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel.: (860) 275-8200
Fax: (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, certified mail, return receipt requested, this 22nd day of December, 2003, to:

Daniel A. Benjamin, Esq.
Benjamin & Gold, P.C.
350 Bedford Street
Stamford, CT  06901

_____
Helen M. Kemp