# SCHEDULE C (Form 1040)
## Profit or Loss From Business
### (Sole Proprietorship)

Department of the Treasury
Internal Revenue Service (99)

▶ Partnerships, joint ventures, etc., must file Form 1065 or Form 1065-B.
▶ Attach to Form 1040 or Form 1041. ▶ See Instructions for Schedule C (Form 1040).

OMB No. 1545-0074
**2001**
Attachment Sequence No. **09**

**Name of proprietor:** DEBRA ANN KINSMAN

**Social security number (SSN):**

| | | |
|---|---|---|
| A | Principal business or profession, including product or service (see page C-1 of the instructions)  MAKING & SELLING CRAFTS - STORE | B Enter code from pages C-7 & 8 ▶ 452000 |
| C | Business name. If no separate business name, leave blank.  SWEET ANNIE & CO. | D Employer ID number (EIN), if any |
| E | Business address (including suite or room no.) ▶ 3582 MAIN ST.  City, town or post office, state, and ZIP code  STRATFORD  CT  06614 | |
| F | Accounting method: (1) ☒ Cash (2) ☐ Accrual (3) ☐ Other (specify) ▶ | |
| G | Did you "materially participate" in the operation of this business during 2001? If "No," see page C-2 for limit on losses | ☒ Yes ☐ No |
| H | If you started or acquired this business during 2001, check here ▶ ☐ | |

## Part I  Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. Caution. If this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked, see page C-2 and check here ▶ ☐ | 1 | 32,148 |
| 2 | Returns and allowances | 2 | |
| 3 | Subtract line 2 from line 1 | 3 | 32,148 |
| 4 | Cost of goods sold (from line 42 on page 2) | 4 | 12,002 |
| 5 | Gross profit. Subtract line 4 from line 3 | 5 | 20,146 |
| 6 | Other income, including Federal and state gasoline or fuel tax credit or refund (see page C-3) | 6 | |
| 7 | Gross income. Add lines 5 and 6 ▶ | 7 | 20,146 |

## Part II  Expenses. Enter expenses for business use of your home only on line 30.

| | | | | | | |
|---|---|---|---|---|---|---|
| 8 | Advertising | 8 | 1,021 | 19 Pension and profit-sharing plans | 19 | |
| 9 | Bad debts from sales or services (see page C-3) | 9 | | 20 Rent or lease (see page C-4): | | |
| | | | | a Vehicles, machinery, and equipment | 20a | 9,000 |
| 10 | Car and truck expenses (see page C-3) | 10 | | b Other business property | 20b | |
| | | | | 21 Repairs and maintenance | 21 | |
| 11 | Commissions and fees | 11 | 500 | 22 Supplies (not included in Part III) | 22 | |
| 12 | Depletion | 12 | | 23 Taxes and licenses | 23 | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see page C-3) | 13 | 750 | 24 Travel, meals, and entertainment:  a Travel | 24a | |
| | | | | b Meals and entertainment | | |
| 14 | Employee benefit programs (other than on line 19) | 14 | | c Enter nondeductible amount included on line 24b (see page C-5) | | |
| 15 | Insurance (other than health) | 15 | 650 | | | |
| 16 | Interest: | | | | | |
| a | Mortgage (paid to banks, etc.) | 16a | | d Subtract line 24c from line 24b | 24d | |
| b | Other | 16b | | 25 Utilities | 25 | |
| 17 | Legal and professional services | 17 | 210 | 26 Wages (less employment credits) | 26 | |
| 18 | Office expense | 18 | | 27 Other expenses (from line 48 on page 2) | 27 | 7,540 |
| 28 | Total expenses before expenses for business use of home. Add lines 8 through 27 in columns ▶ | | | | 28 | 19,671 |
| 29 | Tentative profit (loss). Subtract line 28 from line 7 | | | | 29 | 475 |
| 30 | Expenses for business use of your home. Attach Form 8829 | | | | 30 | |
| 31 | Net profit or (loss). Subtract line 30 from line 29.  • If a profit, enter on Form 1040, line 12, and also on Schedule SE, line 2 (statutory employees, see page C-5). Estates and trusts, enter on Form 1041, line 3.  • If a loss, you must go to line 32. | | | | 31 | 475 |
| 32 | If you have a loss, check the box that describes your investment in this activity (see page C-6).  • If you checked 32a, enter the loss on Form 1040, line 12, and also on Schedule SE, line 2 (statutory employees, see page C-5). Estates and trusts, enter on Form 1041, line 3.  • If you checked 32b, you must attach Form 6198. | | | | 32a ☐ All investment is at risk.  32b ☐ Some investment is not at risk. | |

CONFIDENTIAL

For Paperwork Reduction Act Notice, see Form 1040 instructions.
DAA

Schedule C (Form 1040) 2001

DEBRA ANN KINSMAN

Schedule C (Form 1040) 2001 MAKING & SELLING CRAFTS - STORE                                Page 2

### Part III  Cost of Goods Sold (see page C-6)

| | | |
|---|---|---:|
| 33 | Method(s) used to value closing inventory: a [X] Cost  b [ ] Lower of cost or market  c [ ] Other (attach explanation) | |
| 34 | Was there any change in determining quantities, costs, or valuations between opening and closing inventory? If "Yes," attach explanation | [ ] Yes  [X] No |
| 35 | Inventory at beginning of year. If different from last year's closing inventory, attach explanation | 2,345 |
| 36 | Purchases less cost of items withdrawn for personal use | 12,345 |
| 37 | Cost of labor. Do not include any amounts paid to yourself | |
| 38 | Materials and supplies | |
| 39 | Other costs | |
| 40 | Add lines 35 through 39 | 14,690 |
| 41 | Inventory at end of year | 2,688 |
| 42 | Cost of goods sold. Subtract line 41 from line 40. Enter the result here and on page 1, line 4 | 12,002 |

### Part IV  Information on Your Vehicle.
Complete this part **only** if you are claiming car or truck expenses on line 10 and are not required to file Form 4562 for this business. See the instructions for line 13 on page C-3 to find out if you must file.

43  When did you place your vehicle in service for business purposes? (month, day, year) ▶ ..............

44  Of the total number of miles you drove your vehicle during 2001, enter the number of miles you used your vehicle for:

a  Business ................    b  Commuting ................    c  Other ................

| | | | |
|---|---|---|---|
| 45 | Do you (or your spouse) have another vehicle available for personal use? | [ ] Yes | [ ] No |
| 46 | Was your vehicle available for personal use during off-duty hours? | [ ] Yes | [ ] No |
| 47a | Do you have evidence to support your deduction? | [ ] Yes | [ ] No |
| b | If "Yes," is the evidence written? | [ ] Yes | [ ] No |

### Part V  Other Expenses. List below business expenses not included on lines 8-26 or line 30.

| | |
|---|---:|
| SHOW FEES | 7,540 |
| | |
| **48**  Total other expenses. Enter here and on page 1, line 27 | **48**  7,540 |

DAA                                                           Schedule C (Form 1040) 2001

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBRA KINSMAN : | CIVIL NO. 303CV280 (WWE) |
| Plaintiff, : | |
| v. : | |
| UNUM PROVIDENT CORPORATION : and PROVIDENT LIFE AND ACCIDENT : INSURANCE COMPANY : | |
| Defendants. : | October 14, 2003 |

**DEFENDANT'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, the defendants, the UNUM PROVIDENT CORPORATION and the and PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, hereby directs the following interrogatories and production requests to the plaintiff, DEBRA ANN KINSMAN ("Kinsman") with respect to Kinsman's occupation and income since January 1, 2000, and requests that the plaintiff respond in writing and under oath within thirty days of the date hereof.

These interrogatories and requests for production are deemed to be continuing so as to require the plaintiff to further answer or amend her responses hereto from now until the time of trial as new or additional information becomes available.

**I.   DEFINITIONS**

1.   "You" or "your" or "plaintiff" refer to the plaintiff, Kinsman, or any of her representatives.

2.      The word "representative" includes any agent, employee, attorney, consultant, indemnitor, insurer and/or surety.

3.      "Defendants" or "Provident" means the defendants UNUM PROVIDENT CORPORATION and PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY

4.      "Policy" means the insurance policy and/or Plan referred to in the complaint.

5.      In answering each discovery request, the singular form used in the discovery request is intended to be read in the plural wherever required.

6.      The word "identify" when referring to a person, means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

7.      The word "identify" when referring to documents, means to provide, to the extent known, information about (i) type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipient(s).

8.      The words "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

9.      The word "person" is defined as any natural person or any business, legal or governmental entity or association.

10.     The word "concerning" means relating to, referring to, describing, evidencing or constituting.

11.     The word "document" or "documents," used in these interrogatories and requests for production, means any writing and any other tangible thing in your custody, possession, control, or known to you, whether printed, recorded, reproduced by a process, or written or produced by hand, and whether or not privileged or exempt from production for any reason, including but not limited to letters, reports, agreements, communications, interoffice communications, correspondence, telegrams, memoranda, summaries, notes or records of personal conversations, photographs, phonorecords, recordings (including audio and visual tape recordings), diaries, minutes or records of meetings, conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports of summaries of investigations, drafts of any documents, and revisions of drafts of any documents, writings, drawings, graphs, charts, purchase orders, canceled checks, invoices, and any other data compilations from which information can be obtained. Any comment or notation appearing in any document, and not a part of the original text, is to be considered a separate document.

12.   "Complaint" means the complaint operative in this civil action.

## II.   INSTRUCTIONS

1.   If a claim of privilege is to be made for any answer or document, please state the specific nature and basis of the privilege. For documents, also state the title or nature of the document, the date the document was written, the author, and each recipient. Respond in full with respect to other information called for by the interrogatory or request for production.

2.   If you claim any interrogatory or request for production is overbroad, respond in full to the extent you concede responsive information is properly requested and state the respect in which you claim that, insofar as the interrogatory or request for production calls for additional information, it is overbroad.

3.   If your response to any interrogatory or request for production cannot fit within the space provided, please attach additional sheets as necessary.

4.   To the extent that an interrogatory or request for production calls for information which cannot now be precisely and completely furnished, such information as can be furnished should be included, together with a statement that further information cannot be furnished, and a statement as to the reasons therefore. If the information which cannot now be furnished is believed to be available from another person, identify such other person and the reason for believing such person has the described information.

5.   All information and documents produced in response to these interrogatories and requests for production shall be organized to indicate the interrogatory or request in response to which the information or documents are produced.

## III.   INTERROGATORIES

1.   With regard to the entity "Sweet Annie & Co." listed on Schedule C of your 2001 U.S. Income Tax Return, describe with specificity, the substantial and material duties of your role, position or occupation with Sweet Annie during the time frame of January 1, 2001 to the present. Please include in this response, the title of your occupation, type of duties, how you accomplished these duties, the time you spent on each duty and other relevant information.

**RESPONSE**:

3

2. With regard to the entity "Sweet Annie & Co." listed on Schedule C of your 2001 U.S. Income Tax Return, describe with specificity how you "materially participated" in the operation of the business during 2001, 2002 and 2003.

**RESPONSE**:

3. With regard to the entity "Sweet Annie & Co." listed on Schedule C of your 2001 U.S. Income Tax Return, please state:

    a. the full name of the company;

    b. the nature of the business to be transacted or the purpose to be promoted or carried out;

    c. the complete address of Sweet Annie & Co.'s principal office including street number, street, city, state and postal code;

    d. the statutory agent for service of process including the agent's street address;

    e. the names and street addresses of its managers, if applicable;

    f. if Sweet Annie's is to be managed by its members, please list the name and street addresses of its principal members;

    g. the date that Sweet Annie's was organized and/or incorporated;

    h. the full legal name and street address of its organizer;

    i. the state in which it was organized and/or incorporated.

**RESPONSE:**

4

4.   With regard to Sweet Annie's, please identify by name, position held, and last known home address, any and all employees who worked for Sweet Annie in calendar year 2001.

**RESPONSE:**


5.   With regard to Sweet Annie's, please identify by name, position held, and last known home address, any and all employees who worked for Sweet Annie in calendar year 2002.

**RESPONSE:**


6.   With regard to Sweet Annie's, please identify by name, position held, and last known home address, any and all employees who worked for Sweet Annie in calendar year 2003.

**RESPONSE:**


## IV.   **REQUESTS FOR PRODUCTION**

Defendants hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that you produce or allow counsel for the defendant the opportunity to inspect and/or copy the documents designated herein. Inspection shall take place thirty (30) days after service at the offices of Robinson & Cole LLP, One Commercial Plaza, Hartford, Connecticut 06103-3597, at

10:00 a.m., or at such other time and place as the court may order or the parties agree.

**PLEASE NOTE: YOU MAY REDACT THE NAMES OF MINOR CHILDREN AND SOCIAL SECURITY NUMBERS OF ALL PARTIES WHEN COMPLYING WITH THESE REQUESTS.**

1.  All federal and state tax returns including all attachments, schedules and related documentation including but not limited to W-2s, 1099s, and worksheets regarding same, prepared and/or filed for Debra Ann Kinsman for calendar year 2002 and 2003 (when available). This command includes but is not limited to individual income tax returns and partnership returns.

**RESPONSE:**

5.  All federal and state tax returns, including all attachments, schedules and related documentation for Sweet Annie & Co. ("Making and Selling Crafts Store") for calendar years 1998, 1999, 2000, 2001 and 2002. This request also includes any quarterly filings for calendar year 2003.

**RESPONSE:**

6.  All balance sheets, ledgers, worksheets and other documentation you have in your possession for Sweet Annie & Co. ("Making and Selling Crafts Store") for the 1998, 1999, 2000, 2001 and 2002 tax years. This documentation includes, but is not limited to, any information you used in the preparation of the tax returns for Sweet Annie and/or used to estimate the amount of tax, income or loss of said entity.

**RESPONSE:**

7.  All sales and use tax returns filed with any state or political subdivision for Sweet

6

Annie & Co. ("Making and Selling Crafts Store") for the 1998, 1999, 2000, 2001, 2002 and 2003.

**RESPONSE:**

8. Copies of any and all partnership, stock, shareholder and/or operating agreements, including amendments thereto and thereof, between yourself and any other individual or entity for or concerning Sweet Annie's.

**RESPONSE:**

9. Copies of any and all partnership, stock, shareholder and/or operating agreements, including amendments thereto and thereof, between yourself and any other individual or entity for and/or concerning Sweet Annie's.

**RESPONSE:**

10. Any employment agreements, job descriptions, management agreements, offer letters, resignation or termination letters, or other correspondence that relate to your employment by, or management of, Sweet Annie & Co.

**RESPONSE:**

11. Copies of any and all documents that concerns, refers or pertains to any of the "shows" for which "fees' were listed as a business expense as indicated on Schedule C of your 2001 U.S. Income Tax Return, Part V. This request includes but is not limited to: show flyers, announcements, advertisements, contracts, agreements, airplane and/or other transportation tickets with regard to these shows.

**RESPONSE:**

12. Copies of any and all written contracts, leases or rental agreements between you and/or Sweet Annie's and the landlord and/or owners of 3582 Main Street, Paradise Green, Stratford, Connecticut.

**RESPONSE:**

13. Copies of any and all loan agreements and/or promissory notes between you and/or Sweet Annie's and any individual, corporation or entity from whom you have borrowed money or funding in order to open and/or operate Sweet Annie.

**RESPONSE:**

14. Copies of any and all sales and/or operating agreements between you and any individual, corporation or entity with regard to the sale of any part or portion of Sweet Annie.

**RESPONSE:**

DEFENDANTS,
UNUMPROVIDENT CORPORATION and
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY

By: *Helen M. Kemp*

Helen M. Kemp (ct14790)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel: (860) 275-8200
Fax: (860) 275-8299
E-mail address: hkemp@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing Second Set of Interrogatories and Requests for Production was sent via certified mail, return receipt requested, on this 14th day of October, 2003, to the following:

Daniel A. Benjamin, Esq.
Benjamin & Gold, P.C.
350 Bedford Street
Stamford, CT 06901


_____
Helen M. Kemp

## **VERIFICATION**

I, Debra Ann Kinsman, being duly sworn, depose and say that I have reviewed the foregoing responses to the Interrogatories and Production Requests and state they are true and accurate to the best of my knowledge, information and belief.

_____
Debra Ann Kinsman

Subscribed and sworn to before
me on this ____ day of _____, 2003.


_____
Notary Public/
Commissioner of the Superior Court

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBRA KINSMAN<br>      Plaintiff, | :   CIVIL ACTION NO. 303CV280(WWE)<br>:<br>: |
| v. | :<br>: |
| UNUMPROVIDENT CORPORATION and<br>PROVIDENT LIFE AND ACCIDENT<br>INSURANCE COMPANY<br>      Defendants. | :<br>:<br>:<br>:   DECEMBER 22, 2003<br>: |

## AFFIDAVIT

I, Helen M. Kemp, first being duly sworn, hereby deposes and says:

1. I am over eighteen years of age and I understand the obligations of an oath.

2. I am an attorney with the law firm of Robinson & Cole LLP, and I represent the UnumProvident Corporation and the Provident Life and Accident Insurance Company, defendants in the above-captioned litigation. This affidavit is in support of our Motion to Compel.

3. On October 14, 2003, I submitted Interrogatories and Requests for Production upon plaintiff's attorney, Daniel Benjamin. Attorney Benjamin has never requested an extension of time to respond to these discovery requests.

4. After receiving no response from Plaintiff's attorney with regard to the discovery I had served upon him, I contacted Attorney Benjamin on or about December 3, 2003 asking about

the status of our discovery requests. Attorney Benjamin informed me that he would check with his client with regard to our discovery requests.

5. On or about December 12, 2003, I once again contacted Attorney Benjamin with regard to the status of the discovery. I did not receive a reply.

6. As of the date of this Affidavit, I have not received any responses to any of the October 14, 2003 interrogatories or requests for production.

*Helen M. Kemp*
Helen M. Kemp

Subscribed and sworn to before
me this 22nd day of December 2003.

*Linda C. Zizzamia*
Notary Public
My Commission expires:

LINDA C. ZIZZAMIA
NOTARY PUBLIC
MY COMMISSION EXPIRES JULY 31, 2005

2