```
                                              FILED
            UNITED STATES DISTRICT COURT
              DISTRICT OF CONNECTICUT
                                         2004 JAN 27  P 4: 24
```

|  |  |  |
|---|---|---|
| DEBRA KINSMAN | : | US DISTRICT COURT |
|  | : | BRIDGEPORT |
| v. | : | CIV. NO. 3:03CV280 (WWE) |
| UNUMPROVIDENT CORPORATION and PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY | : : : : : : | |

### RULING ON PENDING DISCOVERY MOTIONS

Plaintiff brings this lawsuit pursuant to 29 U.S.C. §1132(a)(1)(b) and (a)(3) to challenge the denial of long term disability benefits by UnumProvident and Provident Life and Accident Insurance Company ("defendants"). Provident was the "fiduciary" and served as the Plan's "Claims Administrator." Plaintiff claims an onset of disability on September 21, 2001, due to several medical conditions including colitis, fibromyalgia and depression.

Pending is defendant's Motion in Limine [Doc. #12] and Motion for Order [Doc. #14]. Oral argument was held on November 12, 2003. At oral argument the parties stated that they resolved defendants' motion for order. Accordingly, defendant's Motion for Order **[Doc. #14]** is **DENIED as MOOT** in light of the parties' reported agreement.

Remaining is defendants' Motion in Limine. Defendants seek to exclude documents from the administrative record at the

1

beginning of the litigation to avoid any inequitable results. Specifically, defendants move this Court to enter an order striking five documents from the administrative record.[1] These documents were submitted to Provident by plaintiff on September 22, 2002, and were considered by the company as part of the administrative record on appeal. [Doc. #17 at 2, Ex. A].

Defendants did not object to the submission of these documents in support of plaintiff's administrative appeal. However, it is defendants' contention that plaintiff's "attorney intentionally "salted" the administrative record with irrelevant and immaterial documents not to help Provident provide a fuller review of Kinsman's claim but instead for the purpose of bolstering his client's legal position if the matter went to court." [Doc. #12 at 6]. Kinsman's administrative appeal was denied.

Plaintiff argues that she "had every reasonable expectation

---

[1]The documents defendants' seek to exclude are:

1. Social Security Rulings 96-2(p), 96-3(p), 96-4(p), 96-7(p) and 96-8(p); PLACL00780-820 41 pages;

2. Dorsey v. Provident Life, USDC (E.D.P.A) 10.5/01; PLACL00769-00779 11 pages;

3. "Fibromyalgia Basics" and "Diagnostic Criteria for Fibromyalgia and CFS" from the Fibromyalgia Network [a web-based advocacy site]; PLACL00762-768 7pages;

4. The deposition of Patrick Fergal McSherry, volumes I, II, III including but not limited to issues regarding fibromyalgia; PLACL00496-00745 249 pages; and

5. Hangarter decision regarding UnumProvident's policies of requiring doctors to alter and destroy medical documents and reports; PLACL00480-495 15 pages.

that the documents submitted would be a part of the administrative record in this matter, and considered by the plan administrator." [Doc. #17 at 5].  ERISA affords to any participant whose claim for benefits has been denied "a reasonable opportunity . . . for a <u>full and fair review</u> by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. §1133 (emphasis added).  The Third Circuit Court of Appeals has held that Section 1133 requires the following:

> To afford a plan participant whose claim has been denied a reasonable opportunity for full and fair review, the plan's fiduciary must consider any and all pertinent information reasonably available to him. The decision must be supported by substantial evidence. The fiduciary must notify the participant promptly, in writing and in language likely to be understood by laymen, that the claim has been denied with the specific reasons therefor.  The fiduciary must also inform the participant of what evidence he relied upon and provide him with an opportunity to examine that evidence and to submit written comments or rebuttal documentary evidence.  If the fiduciary allows third parties to appear personally, the same privilege must be extended to the participant.

<u>Grossmuller v. International Union, UAW</u>, 715 F.2d 853, 857-8 n.5 (3rd Cir. 1983); <u>see</u> <u>Birdsell v United Parcel Service of America, Inc.</u>, 903 F. Supp. 1338, 1350 (E.D. Mo. 1995) (claimant "invited to submit any additional information which he feels the [Appeals] Committee should consider"); <u>Leonardt v. Holden Business Forms Co.</u>, 828 F. Supp. 657, 669 (D. Minn. 1993) (plan administrator's disregard for claimant's right to have an attorney submit written argument on her behalf undermined the appeals process in two important ways: (1) claimant was denied the opportunity to submit evidence in support of her position; and (2) claimant was denied

the opportunity to challenge the information the plan administrator relied on in denying coverage); <u>Brown v. Retirement Committee of the Briggs & Stratton Retirement Plan</u>, 797 F.2d 521, 534 (7th Cir. 1986) (finding "core requirements" of a "full and fair review" satisfied as claimant had "the opportunity to present as much documentary evidence as she wished," the committee considered all the evidence submitted before reaching its decision, and claimant was furnished with the minutes of the hearing listing the evidence relied upon and contained comments about the evidence.), <u>cert. denied</u>, 479 U.S. 1094 (1987).

Plaintiff correctly argues that she has a legal right to submit written comments, documents, records and other information relating to her claim for benefits. The regulations promulgated by the Secretary of Labor to implement 29 U.S.C. §1133 require, among other things, that "claims procedures of a plan providing disability benefits will <u>not</u> . . . be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures comply with the requirements of paragraphs (h)(2)(ii) through (iv) and (h)(3)(i) through (v) of this section." 29 C.F.R. §2560.503-1(h)(4) (emphasis added). Section (h)(2)(ii) provides that a claimant shall have the "opportunity to submit written comments, documents, records, and other information relating to the claim for benefits." 29 C.F.R. §2560.503-1(h)(2)(ii). Section (h)(2)(iv) requires the plan

4

administrator "provide a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination." 29 C.F.R. §2560.503-1(h)(2)(iv). The regulations do not limit what maybe submitted by the claimant to the plan administrator in support of her claim. 29 C.F.R. §2560.503-1(h)(2)(ii). Defendants "do not deny that plaintiff had a right to submit relevant and pertinent documents relating to her claim for benefits." Rather, defendants point out that the regulations relied on by plaintiff were not in effect until January 1, 2002, after plaintiff's application for benefits on September 21, 2001. The documents at issue in the administrative record were submitted by plaintiff on appeal on September 22, 2002.

Plaintiff argues that at no time did defendant qualify, reject or return to plaintiff's counsel any of the documents now sought to be excluded from the administrative record. Defendant offers no case law to support its argument to exclude from an administrative record evidence that was considered by the administrator in rendering an adverse benefit determination.

The parties agree that Provident had discretion to interpret the provisions of the plan it administered. Therefore, reviewing courts can disturb Provident's interpretations and actions only if they are arbitrary and capricious. Miller v. United Welfare Fund, 72 F.3d 1006, 1070 (2d Cir. 1995). "A plan fiduciary's

decision will be deemed arbitrary and capricious by a district court if it is 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" Neely v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry, No. O0CV2013 SJ, 2003 WL 21143087, (E.D.N.Y. Jan. 16, 2003) (quoting Miller, 72 F.3d at 1072. When reviewing a denial of benefits under ERISA, the district court may consider only the evidence available to the claims administrator at the time the final decision was made. Miller, 72 F.3d at 1071. Our Circuit Court has "implied that the district court should not accept information from the insurer that was not part of the original record unless the insured is instrumental in causing the information to be added to the record." Zervos v. Verizon New York, Inc., 277 F.3d 634, 646 (2d Cir. 2002).

On appeal to the district court, Kinsman may challenge the evidence from the administrative record relied on by the plan administrator, and cite evidence available to but not considered by the plan administrator. Conversely, defendants may argue that the evidence in the administrative record supported the plan administrator's decision, which should not be reversed by the district court. See Black & Decker Disability Plan v. Nord, --- U.S. ---, 123 S.Ct. 1965, 1970 (2003) (Comparing ERISA to the Social Security program, the Court held that ERISA does not require plan administrators to accord special deference to opinions of treating physicians). The administrative record in

6

this case is closed and this Court finds no authority to delete any evidence that was available for consideration by the plan administrator in rendering its decision to deny disability benefits.  See Zervos, 277 F.3d at 646 (declining to hear new evidence on appeal to the district court, the Zervos court confined its review to the administrative record); Miller, 72 F.3d at 1071 ("a review under the arbitrary and capricious standard is limited to the administrative record.").

CONCLUSION

Accordingly, defendant's Motion for Order **[Doc. #14]** is **DENIED as MOOT** in light of the parties' reported agreement.

For the reasons stated, defendant's Motion in Limine **[Doc. #12]** is **DENIED**.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this **23** day of January 2004.

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

7